IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN W. TALBOT,

                    Petitioner,                                    ORDER

          v.
                                                             09-cv-28-bbc

LARRY L. JENKINS, Warden,
Redgranite Correctional Institution,

                    Respondent.

---

Petitioner John Talbot, an inmate at the Redgranite Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5 filing fee. The petition is before the court for preliminary review pursuant to 28 U.S.C. § 2254.

This is petitioner's second habeas petition in this court regarding his June 17, 2003 conviction in the Circuit Court for Wood County for homicide by use of a vehicle while intoxicated. *See* Petition filed Sept. 25, 2008, W.D. Wis. Case No. 08-cv-561-slc, dkt. 1. This court dismissed that petition without prejudice on November 12, 2008 because petitioner had failed to exhaust all but one of his claims in state court. Case No. 08-cv-561-slc, dkt. 5. On October 13, 2008, petitioner attempted to exhaust his state court remedies by filing a state habeas petition pursuant to *State v. Knight*, 168 Wis. 2d 509, 484 N.W. 2d 540 (1992). Because the Wisconsin Court of Appeals has not yet responded and petitioner's statute of limitations period for filing a federal habeas petition expired on January 9, 2008, he filed the instant petition in order to preserve his exhausted claim. Dkt. 1. He requests that this court stay the instant petition until the state court of appeals has ruled on his other claims.

As he did in his first petition, petitioner asserts that he is in custody in violation of the laws and constitution of the United States because his no contest plea was not knowingly, voluntarily or intelligently made.  Specifically, petitioner claims that 1) the state breached the plea agreement by altering it after he had signed it; 2) the altered plea agreement was ambiguous; 3) his trial counsel was ineffective for not explaining the plea agreement, ascertaining whether petitioner understood it and altering it after petitioner had signed it; 4) the trial court failed to "indulge every reasonable presumption against waiver" and require that he "affirmatively show" that he had knowingly waived his rights in the plea agreement; and 5) his appellate counsel was ineffective for failing to raise his first three claims or fully develop his fourth claim on appeal. Although all of petitioner's allegations are sufficient to warrant a response from the state, petitioner has exhausted only claim 4.  *See* Sept. 29, 2008 Order, Case No. 08-cv-561-slc, dkt. 2.

Ordinarily, federal district courts must dismiss a petition, like petitioner's, that presents a mix of exhausted and unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Application of that rule in this case would eliminate any chance petitioner has for federal habeas relief because the limitations period for his filing such an action has expired.   However, petitioner attempted to exhaust his claims three months ago and is still waiting for a response from the state appellate court.  If the court of appeals determines that petitioner properly filed his *Knight* petition on October 13, 2008, his federal habeas clock would have stopped as of that date and would remain stopped during the entire time that the *Knight* petition is pending.  28 U.S.C. § 2244(d)(2).  Not wanting to lose his right to file a federal habeas petition on all of his

claims, petitioner filed his habeas petition just before his limitations period expired and requested a stay.

The Supreme Court has held that under very limited circumstances, a district court may grant a stay while the state courts reach a decision on the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  To succeed, petitioner must establish that he had "good cause" for failing to exhaust his claims in the first place and that his unexhausted claims are not "plainly meritless." *Id.*  Before hearing from petitioner, I will ask the state to advise the court whether it will oppose petitioner's request for a stay.  In the event that the state opposes the motion, the court will set a briefing schedule so the parties can present their substantive arguments.

ORDER

IT IS ORDERED that:

1.      Pursuant to an informal service agreement between the Attorney General and the court, the Attorney General is being notified to seek service on Warden Jenkins.

2.      Respondent Jenkins has until February 5, 2009 to advise the court whether it opposes petitioner's motion to stay his petition.

Entered this 23d day of January, 2009.

> BY THE COURT:
> /s/
> STEPHEN L. CROCKER
> Magistrate Judge

3