IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN W. TALBOT,

                       Petitioner,                     ORDER

    v.

                                                09-cv-28-bbc

LARRY L. JENKINS, Warden,
Redgranite Correctional Institution,

                     Respondent.

---

      On February 6, 2009, this court entered an order staying this petition for a writ of habeas corpus while petitioner John Talbot completed the process of exhausting his state court remedies for claims of ineffective assistance of appellate counsel. Respondent now moves to lift the stay on the ground that petitioner failed to comply with conditions that were attached to the order concerning when petitioner must return to federal court. Petitioner reads the terms of the stay differently and insists that he has complied with them. I find that it is unnecessary to decide this issue because it is plain that the stay was entered improvidently in the first place. As discussed in more detail below, at the time the stay was entered, petitioner had enough time remaining on his federal habeas clock such that he was not at risk of losing his chance at federal review of his claims without an order staying his petition. Although petitioner has used some of that time since the stay was entered, enough of it remains to allow him to return to federal court after he completely exhausts his state court remedies with respect to the post conviction motion that is now pending in the Circuit Court for Wood County. Accordingly, the stay will be vacated.

BACKGROUND

Petitioner initially filed an application for habeas corpus relief on September 25, 2008, challenging his June 17, 2003 conviction in the Circuit Court for Wood County for homicide by use of a vehicle while intoxicated. Talbot v. Jenkins, 08-cv-561-slc, dkt. #1. Reviewing the petition preliminarily, United States Magistrate Judge Stephen Crocker determined that it contained only one exhausted claim: the trial court had not conducted a thorough colloquy with petitioner to insure that he had knowingly waived his rights by entering into a plea agreement (claim 4 of the petition). Id., Order, Sept. 29, 2008, dkt. #2. He found that petitioner had not exhausted his state court remedies with respect to the following claims: 1) the state breached the plea agreement by altering it after he had signed it; 2) the altered plea agreement was ambiguous; 3) his trial counsel was ineffective for not explaining the plea agreement, ascertaining whether petitioner understood it and altering it after petitioner had signed it; and 4) his appellate counsel was ineffective for failing to raise petitioner's first three claims on appeal. Id.

After reviewing Wisconsin's post-trial remedies, the magistrate judge determined that avenues of relief remained available to petitioner in the state courts "through which he could present his claim that his appellate or postconviction lawyer was ineffective." Id., at 3. Accordingly, the magistrate judge determined that the petition was a "mixed" petition that had to be dismissed unless petitioner decided to amend his petition and delete the unexhausted claims. The magistrate judge noted that in making his decision, petitioner should take into account the one-year limitations period imposed by the Antiterrorism and

2

Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A). By the magistrate judge's calculation, petitioner's limitations expired on January 9, 2009, meaning that there were 101 days on petitioner's federal habeas clock on the date of the order. In the magistrate judge's view, this was sufficient time within which petitioner could file an appropriate motion in state court and file a new habeas petition in this court after exhausting his state court remedies, which meant that the court would not stay the petition in the event petitioner should opt to pursue exhaustion. Id., at 7. He advised petitioner, however, that 101 days was "not a lot" of time, so therefore petitioner should consider whether "he realistically will be able to take the steps necessary to exhaust his claims without jeopardizing the timeliness of a future federal habeas petition." Id.

In response to the court's order, petitioner filed a "request for clarification/motion for voluntary dismissal without prejudice." Dkt. #3. Among other things, petitioner asked whether, in the event he opted to pursue exhaustion but the state courts did not reach a decision on his claims by January 9, 2009, he could refile his federal petition and ask the court to place it in abeyance until he had completed the state court exhaustion process. Petitioner also asserted that on October 13, 2008, he had filed a state court application for post conviction relief on his unexhausted claims.

In response to petitioner's motion, the magistrate judge stated that if petitioner had properly filed a state court application for post conviction relief on October 13, 2008, then his federal habeas clock would have stopped on that date with 88 days remaining on the clock. Order, Oct. 20, 2008, dkt. #4. Insofar as petitioner appeared to be asking whether

he should play it safe and file a new federal habeas petition before January 9, 2009 in the event the state courts had not decided his claims, the magistrate judge indicated that the court would "not be inclined" to grant a stay in that situation, noting that petitioner would likely be unable to show "good cause" for a stay when he had sufficient time in which to exhaust his state court remedies. Id., at 3. Ultimately, petitioner decided that he wanted to exhaust his state court remedies on his unexhausted claims. Accordingly, on November 13, 2008, this court entered an order dismissing the petition without prejudice. Id., dkt. #6.

On January 5, 2009, petitioner re-filed his habeas petition. Talbot v. Jenkins, 09-cv-028, bbc, dkt. #1. In his cover letter, petitioner explained that he was filing the action because his "window" with respect to his sole exhausted claim expired on January 9, 2009. Petitioner indicated that on October 13, 2008, he had filed a state habeas corpus petition in the Wisconsin Court of Appeals pursuant to State v. Knight, 168 Wis. 2d 509, 522, 484 N.W. 2d 540, 545 (1992), challenging the effectiveness of his appellate lawyer, but had not yet received a response from the court. Petitioner asked the court to stay his federal petition until the state court of appeals made its decision.

In an order entered January 23, 2009, the magistrate judge directed the state to respond to petitioner's request. (Although the magistrate judge had informed petitioner in the previous proceeding that his filing of the Knight petition had tolled the federal limitations period, see Order, Oct. 20, 2008, dkt. #4, at 2, I infer that he was reluctant in the second proceeding to find tolling absent some indication from the state that the Knight petition had been properly filed. 28 U.S.C. § 2244(d)(2) (to toll federal limitations period,

state application for post conviction or other collateral review must be "properly filed").) In a one-sentence letter dated February 4, 2009, counsel for the state advised the court that respondent did not oppose petitioner's motion to stay his petition. Dkt. #6.

Accordingly, on February 6, 2009, this court entered an order staying the petition. Dkt. #7. The stay was granted on the condition that, "after completely exhausting his state court remedies, petitioner has 30 days from the date of the last order from the state courts in which to file a motion in this court to lift the stay." Id., at 2. Petitioner was warned that if he failed to meet this condition, "the stay may be vacated *nunc pro tunc* as of the date of this order and the petition may be dismissed." Id.

On June 15, 2010, counsel for respondent filed a letter with the court stating that on March 16, 2010, the Wisconsin Supreme Court had denied petitioner's petition for review of the denial of his Knight petition. Dkt. #8. Counsel asked the court to enter an order lifting the stay and dismissing the petition, on the ground that petitioner had failed to seek an order from this court lifting the stay within 30 days of the state supreme court's order. In response, petitioner asserts that he has complied with the court's order because he has not yet completely exhausted his state court remedies. Petitioner asserts that although he has exhausted his claims of ineffective assistance of appellate counsel with respect to her performance in the court of appeals, he has not yet exhausted his claims relating to alleged omissions she made in the post conviction proceedings. State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 678-83, 556 N.W. 2d 136, 138-40 (Ct. App. 1996) (distinguishing claims of ineffective assistance of appellate counsel from claims of ineffective

assistance of post conviction counsel).  According to petitioner, he is in the process of litigating this latter set of claims in a post conviction motion that is pending in the Circuit Court for Wood County.  The circuit court docket sheet shows that petitioner filed that motion on April 26, 2010.

## ANALYSIS

Although the parties dispute whether this court contemplated that petitioner might file additional state court motions beyond his then-pending Knight petition at the time it granted the stay, it is unnecessary to decide that question.  Having reviewed the file as well as that in the previous case, 08-cv-561-slc, it is plain that it was unnecessary to enter a stay in the first place.

As the magistrate judge pointed out, petitioner's filing of his Knight petition tolled his federal habeas clock with 88 days remaining.  In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court made clear that district courts are to grant stays only in "limited circumstances" so as not to undermine the Antiterrorism and Effective Death Penalty Act's twin goals of encouraging finality of state court judgments and streamlining federal habeas proceedings.  The purpose of a stay is to protect a petitioner's opportunity for federal review of unexhausted claims in situations in which review would otherwise be foreclosed by the statute of limitations.  In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it.

Accord Crews v. Horn, 360 F.3d 146, 154 (3rd Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002)(same); Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (same). With 88 days remaining on his federal clock and his limitations period tolled by his pending Knight petition, petitioner's right to future federal review of his unexhausted claims was not in jeopardy at the time he requested the stay.

Nor is it in jeopardy now. Petitioner's statute of limitations remained tolled until March 16, 2010, when the Wisconsin Supreme Court denied petitioner's petition for review of the denial of his Knight petition. Fernandez v. Sternes, 227 F.3d 977, 980 (7th Cir. 2000) (properly filed application for post conviction relief is "pending" once filed and during periods between one court's decision and timely request for further review by higher court). The statute started running again the next day, March 17, 2010. However, it stopped again when petitioner filed his motion for post conviction relief on April 26, 2010. In the interim, 40 days elapsed. As of today, then, petitioner has 48 days (88 minus 40) remaining on his one-year clock. With 48 days left on his federal clock and his limitations period currently tolled, petitioner's right to federal review of his unexhausted claims is not at risk. As the order granting the stay makes clear, this court generally deems 30 days to be a sufficient time period within which a petitioner should be able to re-file a perfected habeas petition after exhausting his state court remedies.

7

Some of petitioner's previous submissions suggest that at the time he re-filed his habeas petition and requested a stay, he was under the impression that his Knight petition would toll the statute of limitations only as to the claims asserted in that petition and not as to the claim that he had previously exhausted. If this was petitioner's understanding, it was incorrect. The statute of limitations was and is tolled as to all of his claims, provided they all relate to the same underlying state court judgment, by the proper filing of state court applications for post conviction review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent *judgment* or claim is pending shall not be counted toward any period of limitation under this subsection") (emphasis added). Petitioner's exhausted claim does not have a separate time clock.

In sum, because petitioner had and still has enough time remaining of his one-year limitations period in which to return to federal court with a perfected petition after completing his pending state court motions for collateral review, a stay was not and is not warranted.

ORDER

IT IS ORDERED THAT this court's order entered February 6, 2009 is VACATED and the petition filed January 15, 2009 is DISMISSED WITHOUT PREJUDICE.

Entered this 21st day of July, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge